C. C. HENDEE COMPANY, Respondent, vs. INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Appellant.

*October 9—October 27, 1914.*

*Fire insurance: Cancellation of policy: Agency for corporation: Authority.*

1. The question being whether insurance upon plaintiff's property had been canceled prior to a fire, evidence that the agents of the insurer knew that plaintiff was a corporation and dealt with it as such; that one R., a stockholder, had control and custody of the funds and managed the strictly financial matters of the plaintiff, but that plaintiff's president had general control and management of all its other affairs; that R. by telephone asked the agents to cancel the policy in suit and

was informed that this would be done but that they must have a confirmation in writing from plaintiff's president; that the latter refused to sanction the cancellation, and, the books of the agents having already been put in the safe for the night, the policy was not marked canceled therein until the next morning, which was after the fire,—is *held* to sustain a finding by the circuit court that there was no cancellation.

2. Such evidence warranted the conclusion that R. had no actual authority to cancel the policy; and evidence that the insurance agents had dealt with him on one previous occasion when, at his own office and not at the office of the plaintiff, he had signed a check to pay a bill against the plaintiff, was not sufficient to sustain a claim that he had apparent authority to order the cancellation.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

This action is on an insurance policy, and was begun in the civil court and appealed to the circuit court. On June 16, 1912, the defendant insured property belonging to plaintiff to the amount of $2,500 with the privilege on the part of the insured to cancel the policy upon request. About 11 o'clock in the evening of July 3, 1912, the property was destroyed by fire. There was co-insurance on the same property. The defense was that on the afternoon of July 3d previous to the fire the policy was canceled by the defendant at the request of one Rosenberg and of Greene Bros. & Hansen, who it is claimed were duly authorized to cancel it, The civil court found in favor of the defendant. The circuit court upon appeal reversed the judgment of the civil court, found that there was no cancellation of the policy, and ordered judgment for plaintiff, from which defendant appealed.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *I. A. Fish,* of counsel, and oral argument by *Mr. Fish.* To the point that Rosenberg was an agent of the plaintiff, duly authorized to cancel the policy, they cited 2 Thompson, Corp. (2d ed.) § 1596; *York v. Mathis,* 103 Me. 67, 68 Atl. 746, 750; *Petersen v. Elholm,*

130 Wis. 1, 7, 109 N. W. 76; *Curtis L. & L. Co. v. Interior L. Co.* 137 Wis. 341, 350, 118 N. W. 853; *Swedish Am. Nat. Bank v. Koebernick,* 136 Wis. 473, 117 N. W. 1020; *St. Clair v. Rutledge,* 115 Wis. 583, 92 N. W. 234; *Haynes v. Kenosha E. R. Co.* 139 Wis. 227, 241, 119 N. W. 568, 121 N. W. 124; *Vollmar & B. Co. v. Bayfield M. Co.* 146 Wis. 412, 131 N. W. 899; 3 Cook, Corp. (7th ed.) § 709.

*C. H. Hamilton,* for the respondent.

Vinje, J. The correctness of the judgment appealed from depends on whether or not Rosenberg had authority to cancel the policy. The finding of the civil court that Greene Bros. & Hansen had authority to cancel it has no sufficient support in the evidence to sustain it. The extent of their authority was to select the insurance companies and determine the amount of insurance to be placed in each company. Plaintiff fixed the total amount of insurance to be carried, and there is nothing in the evidence to show that Greene Bros. & Hansen had any authority to vary such amount. They also acted as agents on behalf of the defendant.

The question as to whether or not Rosenberg had authority to cancel the policy is not so clear. It appears from the evidence that in February, 1912, Rosenberg bought fifty of the eighty-five shares of the stock in the plaintiff corporation; that C. C. Hendee owned twenty-five shares and his wife ten shares. Mr. Hendee was president of the corporation and general manager of the business, but from the time Mr. Rosenberg bought his stock up to the time of the fire there had been no directors' meetings and the business had been conducted by Mr. Hendee and Mr. Rosenberg, the latter looking after the financial part of the business and the former having general control and management of the balance of the affairs of the corporation. Its funds since February were kept in a bank account known as "Lavo Wire & Brush Company" and were drawn out on checks signed by

Mr. Rosenberg and countersigned by Mr. Hendee, each using only his individual name without any official designation.

In the afternoon of July 3d Mr. Rosenberg called up Greene Bros. & Hansen on the phone about the amount of insurance carried by the plaintiff, and upon being informed said it was too much and desired them to cancel the policy in suit. He was informed this would be done, but that they must have a confirmation in writing from Mr. Hendee. The latter refused to sanction the cancellation of the policy. This conversation was had a little after 5 o'clock, and, the books of Greene Bros. & Hansen having already been put in the safe for the night, the policy was not marked canceled therein until the next morning, which was after the fire.

There can be no claim of apparent authority in this case, for Greene Bros. & Hansen had previously dealt only once with Mr. Rosenberg, and that consisted in his signing a check to pay a bill against plaintiff, which signature was obtained at Rosenberg's place of business and not at the office of the plaintiff.

On behalf of the defendant it is argued that the business of the corporation was in fact carried on as a partnership and that the act of one partner was binding on the partnership, or that Rosenberg was an agent of the corporation authorized to cancel the policy. Greene Bros. & Hansen, however, testified that they knew plaintiff was a corporation and that they dealt with it as such. Under the facts existing we cannot say the circuit court erred in reaching the conclusion that Rosenberg had no actual authority to cancel the policy. Mr. Rosenberg and Mr. Hendee both agree that except as to the control and custody of the funds of the corporation and strictly financial matters it was Mr. Hendee, plaintiff's president, who had authority to direct and who actually did direct what should be done.

*By the Court.*—Judgment affirmed.